### AMES *v*. AMES.

DIVORCE—REFUSAL TO PERMIT SONS 12 AND 15 YEARS OLD TO GIVE TESTIMONY REVERSIBLE ERROR.

Where, in a suit by the wife for a divorce, the trial court refused to permit the sons of the parties, 12 and 15 years old, to testify in behalf of the father, although the mother had had the benefit of the testimony of a 16-year old daughter, the decree in favor of the wife is reversed and the case remanded with direction to permit the sons to give testimony.[1]    MOORE and FELLOWS, JJ., dissenting.

Appeal from Kent; Dunham (Major L.), J.    Sub-

[1] Divorce, 19 C. J. § 481.

mitted April 9, 1925.    (Docket No. 45.)    Decided June 18, 1925.

Bill by Hattie Ames against Herbert Ames for a divorce.    From a decree for plaintiff, defendant appeals.    Reversed and remanded.

*Dunham, Cholette & Quail,* for plaintiff.

*Arthur F. Shaw,* for defendant.

MOORE, J. (*dissenting*).    The plaintiff filed her bill of complaint praying for a divorce, for the custody of the infant children, and for alimony.    Plaintiff charged that defendant treated her cruelly by continually finding fault with her and her children, using toward her vile, foul, and obscene language, continually using profane language, threatening to do her serious bodily harm, upon one occasion with a butcher knife, and that upon some occasions he ordered the daughter of plaintiff to leave their home, and caused plaintiff to be subjected to shameful abuses on the part of defendant, and never properly provided for the care of his family.    To this bill of complaint defendant, on July 11, 1924, filed his answer denying all the allegations.    There are three children, one born September 19, 1907, one July 16, 1909, and one March 26, 1912, all living with plaintiff.    The parties were married on the second day of September, 1905, and during their married life purchased a lot with a small dwelling house and a small garage thereon. The property was purchased by these parties for $1,200 and there is now a mortgage upon it amounting to approximately $650.    After a hearing in open court, the court granted plaintiff a decree of divorce, giving her the custody of the children, requiring defendant to pay the sum of $10 per week for the support of said children until the youngest child shall have attained the age of 16 years, requiring defend-

ant to pay the amount of $40 which he was in arrears, under an order for temporary alimony at the rate of $2.50 per week, and providing that the real property, consisting of this house and lot which was owned by the entireties, should be the property of the plaintiff, she to assume all back taxes and the mortgage thereon. The automobile was left to defendant. From this decree the defendant has appealed to this court.

It is the claim of counsel for the appellant that the trial judge was wrong, *first,* in granting plaintiff a decree of divorce; *second,* that he should not have given plaintiff custody of the two boys, and *third,* that if a divorce is granted "that the property should be held by the parties in common according to the provisions of the statute."

We will take up these claims in the order stated:

1. There was testimony of language and conduct on the part of the defendant toward his wife that justified the trial judge in stating in his written opinion the following:

"The plaintiff has sustained the burden placed upon her by proving by a preponderance of the evidence of the charge against her of unchastity by the defendant. That is the most cruel thing that a husband can charge a wife with. And she has also sustained the burden of proof in showing that the aspersions he has cast upon her and that he has cursed and ill-treated her."

It is true the defendant denied this testimony but the wife was corroborated by other witnesses. This testimony if quoted would not look well on a printed page, and we refrain from doing so.

2. Did the court err in relation to the custody of the boys? The statutory provisions as to who shall have the custody of the children in case of the separation of the parents are found in section 11484, 3 Comp. Laws 1915. No hard and fast rule is pre-

scribed by the statute. The important thing is what will be best for the child. See *Weiss* v. *Weiss*, 174 Mich. 435, and *Nichols* v. *Nichols*, 222 Mich. 126. The record indicated the children would be better off with the mother than with the father.

3. Did the court err in his disposition of the property? The testimony of the wife is illuminating, we quote:

"Eleven years ago this June in 1913, my husband and I purchased a home on contract. The purchase price was $1,200. There has been only $550 paid on it since that time, less than half of the purchase price. There was $50 paid down, $25 that he gave and $25 that I paid was the first payment, and he was to pay $11 a month on that, and there has been times when he didn't even pay the taxes. I have paid the taxes twice. I have the slip right here. The July taxes were not paid yet a week ago.

"*The Court:* All the payments made on the contract excepting the July taxes?

"*A.* Yes, and the water rates.

"*Q.* Have you made any improvements on that place?

"*A.* Yes, I put in a furnace that cost $132. I put in a toilet that was $44. I put in a sink that was $23.25; I have put in flooring on the hall floor and the front room floor and the bedroom floor. It is just pine, soft wood. I papered it and painted it and plastered the places that were out, the broken pieces, out of my own money, and I have even as much as painted the outside of the house. I did the actual labor myself, that was last summer I painted on the outside of the house, and I painted and papered the downstairs throughout. I couldn't say exactly how much money I put into the place, but I have a list made out of what I did do. The money that I have earned I put it into the place for the betterment of himself and myself and the children."

This testimony is not seriously controverted.

The statutory provisions in case of property owned by the entireties are found in section 11437, 3 Comp.

Laws 1915.    See *Montgomery* v. *Montgomery*, 221 Mich. 31, and cases cited therein.

We see no occasion for disturbing the decree.    It should be affirmed, with costs to the appellee.

FELLOWS, J., concurred with MOORE, J.

WIEST, J.    The decree should be reversed and the case remanded to the circuit with direction to permit the two boys to give testimony.    The record shows:

"Ames, Herbert, called.
"*The Court:* Who is this?
"*Mr. Shaw:* The boy.
"*The Court:* I will not take his testimony.
"*Mr. Shaw:* How about him?
"*The Court:* This is the son of the parties in this suit, and he will not be sworn.
"*Mr. Shaw:* Either one of them?    The other one is fifteen years old and this boy is twelve.
"*The Court:* I don't think I will hear the testimony of the 15-year-old boy; I don't think that these children should come here to testify either against father or mother.    I think it is more than the father or mother should expect or ask of them.
"*Mr. Shaw:* Would the court talk with either of the boys here privately?
"*The Court:* No.
"*Mr. Shaw:* Mr. Ames, I think, would like that.
"*The Court:* I don't think I will.    As the matter now stands, I don't think either party should have a divorce, and if I continue to think that, I won't care to spend any time talking with them.    This family, in my judgment, ought not to be separated, both probably are somewhat to blame, but I will hear all the testimony."

Plaintiff had the benefit of the testimony of the 16-year-old daughter of the parties, and defendant had an undoubted right to introduce the testimony of the sons.    Both sons were old enough to be witnesses under oath, and their exclusion presents to us a case decided without hearing all competent offered proof of one party.    Public policy and private view of

propriety afford no justification for such refusal to listen to testimony competent in the suit. The need of calling children to testify in a divorce case may be imperative. This is not a case of mere exclusion of testimony, covered by the statute permitting the taking thereof in a chancery suit irrespective of a ruling, but one of exclusion of witnesses. It would exact temerity beyond reason to hold it was the duty of counsel to take the testimony regardless of the exclusion of the witnesses by the court.

McDONALD, C. J., and CLARK, BIRD, SHARPE, and STEERE, JJ., concurred with WIEST, J.