EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The husband contended through his pleadings and evidence that an equitable mortgage or indebtedness exists as to the homeplace of the parties which resulted from a loan made several years earlier by the husband’s father in order to enable the parties to initially purchase that property. On the date of the ore tenus trial, the wife filed a motion for a summary judgment upon that indebtedness issue. It was taken under advisement by the trial court but was overruled at the conclusion of the trial. In the final divorce judgment, the husband was ordered to pay all joint debts and bills of the parties which were incurred during their marriage, expressly including the debt, “if any,” to the husband’s father.
The wife argues through able counsel that the trial court erred in overruling her motion for a summary judgment. If error was so committed, it was not prejudicial to the wife since the husband was ordered by the final judgment to pay the debt, if any, to his father. Any error in overruling the wife’s motion was corrected by the final judgment. Accordingly, the error complained of did not injuriously affect any substantial right of the wife. Rule 45, A.R.A.P.; rule 61, Alabama Rules of Civil Procedure.
However, the wife further contends that the trial court indirectly imposed a part of that debt upon her when she was awarded forty-seven percent and the husband fifty-three percent of the net sale proceeds from the land when it sold. The judgment states no reason for that unequal decision. From a study of all of the evidence, it appears that the cause of the disparity could have been an attempt by the court to balance the equities in dividing the property by granting to the husband six percent more of the sale proceeds because of his contribution to the marriage of property which he owned at the time of the marriage.
In any event, a division of property in a divorce case is not required to be equal but must be equitable. That is a matter which falls within the judicial discretion of the trial court whose property awards will not be reversed upon an appeal except for a palpable abuse of discretion. The ore tenus rule applies also. Kaiser v. Kaiser, 434 So.2d 264 (Ala.Civ.App.1983); Spradlin v. Spradlin, 426 So.2d 462 (Ala.Civ.App.1983). The evidence in this cause does not disclose that the trial court was clearly wrong. The property division was equitable and was supported by the evidence.
After the conclusion of the evidence in chief of both parties, the trial court denied to the wife the right to use their fifteen year old son as a witness, whereupon the mother made a showing that the son would testify that on several separate occasions he had observed the husband beating and abusing the wife, that the son purchased one of the horses in question with his own money, and that the son had had no relationship with his father for the last several years.
The wife correctly states that a trial court may not prohibit a witness from testifying in a divorce case solely because *1332 the proposed witness is a child of the parties even though calling children to testify against one of their parents in a divorce case is distasteful and should be discouraged. The sole statutory prohibition against a child of the parties testifying in that type of litigation is that a child who does not understand the nature of an oath is an incompetent witness. § 12-21-165, Code 1975. Thus, the learned trial court erred in prohibiting the fifteen year old son from testifying only because of his relationship to the parties. The issue now evolves as to whether that error was reversible.
The stated grounds for divorce in the wife’s complaint were incompatibility of temperament and irretrievable breakdown of the marriage. There was ample evidence in support of those grounds and the trial court entered a divorce. The circuit court gave to the son the horse which was mentioned in the showing as having been bought by him. Custody of the children was awarded to the wife and was not an issue since the husband had stipulated during the trial that their custody could be granted to her. In short, the relief sought by the wife in those particular respects was granted to the wife without the son’s proposed testimony. The burden falls upon the wife to show that the error prejudicially affected her substantial rights. Sams v. Equitable Life Assurance Society of the United States, 402 So.2d 999, 1003 (Ala.Civ.App.1981).
The wife contends that the testimony of the son “would have presented the trial court with evidence that would have allowed, it to make a more equitable division of the property considering the needs of the minor children.” After, a careful review of the record, we find that the wife herself testified regarding the husband’s “cruelty” to her. Therefore, the son’s testimony would be, in view of all of the circumstances of this matter, merely cumulative. Hence, no error. Rule 61, A.R. Civ.P.; rule 45, A.R.A.P.
We affirm the judgment of the trial court.
The wife’s request for an attorney’s fee upon appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.