This appeal arises from the trial court's denial of the petitioner's request to call her fifteen-year-old son as a witness in the parties' divorce action. After the judge refused to allow the son to testify, the wife made an offer of proof as to the son's expected testimony.
The Court of Civil Appeals, in affirming, found that the trial court's refusal to allow the child to testify was not reversible error because "the son's testimony would be, in view of all circumstances of this matter, merely cumulative." Harrisv. Harris, 461 So.2d 1330 (Ala.Civ.App. 1984).
We granted certiorari to resolve the issue of whether it was reversible error to prohibit the parties' fifteen-year-old son from testifying in the divorce case when the trial court's decision was based solely upon a blanket prohibition against allowing children to testify against their parents.
Initially, we agree with the Court of Civil Appeals' statement of the law that "a trial court may not prohibit a witness from testifying in a divorce case solely because the proposed witness is a child of the parties even though calling children to testify against one of their parents in a divorce case is distasteful and should be discouraged." Harris v.Harris, supra.
The general rule is that "a party is entitled to have received in evidence and considered by the court, before findings of fact are made, all competent, material, and relevant evidence which tends to prove or disprove any material issue raised by the pleading." Bole v. Bole, 76 Cal.App.2d 344,172 P.2d 936 (1946).
In Kreutzer v. Kreutzer, 226 Or. 158, 359 P.2d 536 (1961), the Oregon Supreme Court stated:
 "Consequently, the right of the defendant to call the children to the stand and to elicit testimony from them material to the issues was precisely the same as it *Page 1334 
would have been in the case of any other competent witness. This is, of course, a fundamental right. In divorce cases, it seems to be uniformly held that the court has no authority to exclude the testimony of children of the parties of tender years if they are otherwise competent witnesses."
Id., 359 P.2d at 537 (citations omitted). Many other jurisdictions that have considered this issue have followed this general principle. See e.g. Annot. 2 A.L.R.2d 1029-1032 (1948); Crownover v. Crownover, 33 Ill. App.3d 327,337 N.E.2d 56 (1975); Louks v. Louks, 345 Ill. App. 185, 102 N.E.2d 364
(1951); Chavigny v. Hava, 125 La. 710, 51 So. 696 (1910);Powell v. Powell, 198 Miss. 301, 22 So.2d 160 (1945); Ames v.Ames, 231 Mich. 347, 204 N.W. 117 (1925); Morrone v. Morrone,44 N.J. Super. 305, 130 A.2d 396 (1957); Schafer v. Schafer,243 Or. 242, 412 P.2d 793 (1966); Nichols and Fleischman,67 Or. App. 256, 677 P.2d 731 (1984); Callicott v. Callicott,364 S.W.2d 455 (Tex.Civ.App. 1963); Helper v. Helper, 195 Va. 611,79 S.E.2d 652 (1954).
In Alabama, there is no statutory prohibition against children testifying in a divorce case so long as they are otherwise competent to testify. Testimony of competent children in a divorce action must be admitted, if relevant, otherwise admissible, and not merely cumulative. In this case, so far as it appears, the fifteen-year-old son would have been able to understand the nature of the oath and would likewise have been competent to testify. Ala. Code 1975, § 12-21-165.
The husband argues, as the Court of Civil Appeals held, that in this instance the exclusion of the son as a witness was not reversible error because his testimony would have been merely cumulative. This determination was based upon the offer of proof propounded by the wife's attorney at the conclusion of all of the evidence.
 "The primary reason for the offer of proof is that it better enables the trial judge to consider further the claim for admissibility of such evidence. The secondary reason is that the offer of the proposed answer places the same in the official record for the benefit of the appellate court called upon to decide whether there has been error committed in the ruling."
C. Gamble, McElroy's Alabama Evidence § 425.01 (1) (3d ed. 1977).
In this case, however, the trial judge failed even to consider the admissibility of the child's testimony. The trial court's decision to prohibit the fifteen-year-old son from testifying was based solely upon the child's relationship to the parties. The determination was not based upon a concern for the nature of the testimony to be elicited by the witness, nor upon a consideration of whether the child's testimony would merely be cumulative. Likewise, there is no indication that the court acted on the basis of reasonable satisfaction that sufficient evidence had been presented on each material issue in the case. It appears that the trial judge had made up his mind that he was not going to hear the child's testimony even before knowing what that testimony would reveal.
The wife's offer of proof, no matter what would have been stated, would have been unavailing; for the court's ruling was based upon a blanket exclusion of the child's testimony rather than upon a legal objection to the admissibility of evidence.
An offer of proof, although preserving the record on appeal, is an insufficient substitute for the witness's testimony. Despite the offer of proof, we are unable in hindsight to determine that the son's testimony would have been merely cumulative. We cannot conclusively determine everything that the child would have testified to on the stand. In the present case, most of the evidence presented by the parties was in conflict. Arguably, the son's testimony may have helped to resolve or corroborate the issues in dispute.
A party has a fundamental right to introduce evidence which is competent, otherwise admissible, and relevant to the material issues being tried. Accordingly, any *Page 1335 
doubt as to whether the testimony was cumulative should be resolved in favor of the party who would call the witness to the stand.
While we are sympathetic with the learned trial judge's attempt to protect the best interest of the family, and, although we are reluctant to find reversible error because of the social and policy considerations of allowing children to take sides in court against one of their parents, we are unable to conclude in this instance that the exclusion of the child from the stand was merely harmless error. Accordingly, we reverse and remand.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
ALMON, J., not sitting.