This is a divorce case.
During the trial the husband introduced into evidence a written compromise proposal, which was in the form of a property and marital settlement agreement. His attorney had previously submitted that proposal to the wife's attorney, and it had never been accepted by the wife. That proposal would have settled all disputed issues in the case. When the offer was made by the husband to introduce that compromise proposal as an exhibit, the following occurred:
 "MR. POOL: Your Honor, of course, we are objecting to the offer of compromise.
 "THE COURT: You don't want to know how he wants to — *Page 436 
 "MR. POOL: Judge, I just don't, since it is an offer of compromise, I don't think it's admissible.
 "THE COURT: It's not exactly a compromise. In any divorce case one party wants one thing and one party wants something else.
 "MR. POOL: Judge, my only objection is that it was an offer of compromise.
 "THE COURT: I am going to overrule to the objection that was an offer of compromise and let it in. I am letting it in on the grounds that these cases are different than civil cases and by their very nature there are certain proposals. It's not viewed by this Court as an offer of compromise for them or for you.
 "MR. ROEMER: Just submit it for a good faith offering.
"THE COURT: I understand.
 "(Whereupon, Petitioner's Exhibit Number Six was marked for identification and received into evidence.)"
There is no doubt that exhibit six was an offer of settlement. Apparently, the husband's attorney introduced it into evidence to indicate that his client had made a good faith offer to settle, but such was not an issue in the case. An additional reason for the exhibit was to indicate to the trial court what the husband's wishes and desires were as to the major issues in the litigation.
"An offer of compromise by one party to the other in a civil action, whether before or after the litigation is begun, is inadmissible." C. Gamble, McElroy's Alabama Evidence § 188.01 (1) (3d ed. 1977). That rule is founded upon grounds of public policy. S. Gard, Jones on Evidence § 13:51 (6th ed. 1958).
We have not been cited to any Alabama authority that would permit the introduction of such a settlement proposal. A divorce case is a civil action. There is no domestic relations exception to that general rule of evidence, and we will not attempt to here create one because of the undesirable consequences that would result if self-serving offers of settlement were admissible by the offeror in divorce cases merely to indicate that that particular spouse had made an attempt to settle the case or to show what relief that party desired out of the litigation. Such desires can be revealed to the court by valid methods, but that information should not be disclosed in clear violation of a longstanding rule of evidence. Pandora's box will not be so opened. Negotiations to settle divorce cases should be encouraged, not chilled.
As to a property division and the payment of the many debts of the parties, the husband's settlement proposal and the final judgment which was entered were very similar, but, as to alimony and attorney's fees for the wife, the proposal and the judgment differed radically. Because in many respects the proposed agreement was cumulative and since the learned trial court could have reached the same results without the exhibit being introduced into evidence, we are reluctant to reverse this case on that evidentiary ground. However, clear error was committed by the trial court in permitting exhibit six to be introduced into evidence by the husband over the objection of the wife. We cannot say that the ruling of the trial court was error without injury or that the exhibit was merely cumulative as is contended by able counsel for the husband. This court was recently reversed for accepting a similar argument regarding our holding of error without injury as to a ruling upon an evidentiary matter. Exparte Harris, 461 So.2d 1332 (Ala. 1984).
Accordingly, we reverse and remand. We grant the wife's request for an attorney's fee upon this appeal in the amount of $500.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 437