This appeal involves a modification of child support.
The parties were divorced in 1988 and the mother was awarded custody of the parties' minor child. The father was ordered to pay $35 per week child support.
In April 1990 the mother filed a petition for rule nisi and for modification of the divorce decree. Among other things, the mother sought an increase in child support based upon a change in circumstances.
After an ore tenus proceeding, the trial court entered a judgment increasing the father's child support obligation to $243 per month. The mother's petition for rule nisi was denied.
The mother filed a motion for rehearing or to amend the judgment. Following a hearing, this motion was denied by the trial court. The mother appeals.
The dispositive issue on appeal is whether the trial court failed to apply the child support guidelines to this case.
The child support guidelines are found in Rule 32 of the Rules of Judicial Administration and are mandatory in all actions filed on or after October 9, 1989. The guidelines are applicable to modification proceedings once the trial court finds that there has been a change in circumstances to warrant a modification. Rule 32(A)(2)(i). The trial court may deviate from the guidelines upon a written finding of fact, based upon the evidence presented, showing that application of the guidelines would be manifestly unjust or inequitable. Rule 32(A)(2)(ii).
Here, the trial court did not specifically mention the guidelines in its order, and the evidence does not indicate that they were applied. We note that a full transcript of the proceedings is not before us on appeal. However, the appellant filed a reconstruction of the record for this court pursuant to Rule 10(d), Alabama Rules of Appellate Procedure. Where no record is made of evidence taken at trial and the trial court approves the statement of the evidence pursuant to Rule 10(d), this court must accept the statement of evidence as true.Abel v. Hadder, 404 So.2d 64 (Ala.Civ.App. 1981).
Here, the statement of evidence filed by the appellant and approved by the trial court does not support the court's judgment. Under the guidelines, child support of $243 is to be paid for one child when the combined income of the parties totals $1,400. The statement of evidence shows that the combined income of the *Page 499 
parties at the time of the modification proceeding was approximately $2,400. At the time of divorce, the father was earning approximately $900 per month, while the mother earned about $1,250 per month. The father's earnings increased in 1989 to over $32,000 annually, and averaged about $1,989 per month in 1990. At the same time, the mother's monthly earnings decreased by more than one-half.
Based on the evidence, there is an apparent change in circumstances in both parties' earnings since the time of divorce; thus, the guidelines are applicable here. The trial court did not make a written finding of fact that application of the guidelines would be unjust or inequitable. However, there is no evidence in the statement of facts to show that the combined earnings of the parties were as low as $1,400 per month. It thus appears that the award of $243 in child support is simply erroneous under Rule 32.
The court apparently failed to apply the child support guidelines or improperly deviated from them. We therefore reverse the trial court's judgment and remand the issue for a recalculation under the guidelines, or a finding as to why the guidelines are inequitable here.
The foregoing opinion was prepared by Retired Appellate Judge Robert P. Bradley while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.