L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding, the Circuit Court of Franklin County entered a final divorce decree dividing the parties’ marital assets. The husband appeals, contending that the trial court’s division of the marital assets was unreasonable and inequitable and therefore was an abuse of its discretion. He further contends that the trial judge erred in refusing to recuse himself from the divorce proceeding.
The record reflects that the parties were married for approximately 56 years. The wife is 76 and the husband is 75. The parties have seven children.
In the mid-1950’s the husband moved to Ohio to work for General Motors. The wife and the children remained in Alabama. The wife worked as a field hand and as a housekeeper/babysitter in order to support herself and her children. The husband would occasionally send $20 per week to help with expenses and would occasionally visit on vacations and holidays. This living arrangement lasted for approximately 30 years.
The husband moved back to Alabama in 1986 due to his failing health. Initially, he was placed in a nursing home. Following recovery, he moved into the family home. The wife testified that during the next four years the husband drank heavily and threatened her on numerous occasions.
In October 1990 the husband shot and killed his only son. He was subsequently convicted of murder. He is presently incarcerated in a state penitentiary.
The husband is in poor health in that he has a congestive heart and lung condition.
The record reveals that the husband receives $624 per month in retirement from General Motors and that the wife receives $511 per month in Social Security benefits. The marital home is debt-free. The parties own an 84-acre tract of undeveloped land. They had approximately $36,000 in savings, which the wife transferred to her account following the arrest of the husband.
The court awarded the wife the marital home and the husband the 84-acre tract of land. The husband was ultimately ordered to pay to the wife $500 per month in periodic alimony. The court did not make a disposition of the $36,000 savings. The court further divided personal property not pertinent to this appeal.
The husband asserts that the trial court’s division of the marital assets is unreasonable. He specifically contends that the award of periodic alimony is inequitable because such award leaves him with only $124 per month to meet his expenses.
*302 When the trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The division of property and the award of alimony are within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
When making an award of alimony and a division of property, several similar factors which the court should consider include the future prospects of the parties, age, health, station in life, length of the marriage, the source, value and type of property owned, the standard of living to which the parties have become accustomed during the marriage, and the potential for maintaining that standard, and, in appropriate situations, the conduct of the parties with reference to the cause of divorce. Johnson v. Johnson, 565 So.2d 629 (Ala.Civ.App.1989).
In view of the parties’ ages, the length of the marriage, the husband’s conduct and subsequent incarceration, and the inability of the wife to provide for herself, we cannot say that the trial court abused its discretion in the disposition of the marital property or in its award of periodic alimony. The division of the marital property and the award of alimony are affirmed.
The husband next asserts that the trial judge erred in refusing to recuse himself from the divorce proceedings.
The husband filed a motion requesting recusal because the trial judge had presided at his murder trial. He contended that the trial judge had exhibited bias and prejudice in the fixing of a bond which he could not make.
The presumption in Alabama is that a judge is qualified and unbiased. Ex parte Rives, 511 So.2d 514 (Ala.Civ.App.1986). The burden is on the moving party to present evidence establishing the existence of bias or prejudice. Ex parte Melof, 553 So.2d 554 (Ala.1989). “Any disqualifying prejudice or bias as to a party must be of a personal nature and must stem from an extrajudicial source.” Melof.
The husband has failed to show any personal prejudice or bias to support his motion for recusal. His request for recu-sal consisted of mere accusations unsupported by any substantial fact. The trial judge’s refusal to recuse himself was not improper.
We note, for future reference, that the proper method by which to review a motion for recusal is by mandamus. Melof
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.