The parties were divorced in 1985. The mother was awarded custody of the three minor children and the father was ordered to pay $120 biweekly in child support. In March 1991 the state of Alabama, on behalf of the mother, filed a petition for modification of support, alleging that a change in circumstances had occurred since the last order. Following a hearing, the trial court entered an order requiring the father to pay $225 biweekly. The mother filed a motion for reconsideration, which was denied. The mother appeals.
The mother asserts that the trial court abused its discretion in failing to comply with Rule 32, Alabama Rules of Judicial Administration, and in ordering a child support amount lower than the amount set out by the guidelines.
The child support guidelines are mandatory in all actions filed after October 9, 1989. Rule 32, A.R.J.A. The trial court may deviate from the guidelines only where there is a fair, written agreement between the parties setting the amount of child support to be paid or where "[u]pon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(i) and (ii), A.R.J.A.
It is undisputed that the father's monthly child support obligation, as calculated within the parameters of the guidelines, is approximately $619. The trial court obviously deviated from this amount in ordering the father to pay only $225 biweekly in support. The court gives no reasons for the deviation in its order. The court's order has no findings of fact and does not mention the child support guidelines. The trial court did make a notation on the father's guideline form that "it would be inequitable and unjust to follow the guidelines amount." There are no findings of fact, however, in the record to support this conclusion.
The trial court's deviation from the guidelines without supportive findings is error. Fowler v. Jennings, 588 So.2d 497
(Ala.Civ.App. 1991). This cause is reversed and remanded so that the court may either make such findings of fact or apply the guidelines as required by Rule 32, A.R.J.A. Fowler.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 1043