The parties were divorced by a district court of the state of Texas in 1986. The mother (Bebee) moved to Alabama, bringing the two small children of the marriage. The Texas divorce decree provided custody of the children to be in the mother with specific visitation rights to the father. He was ordered to pay child support.
In 1990 Bebee filed a petition in the Juvenile Court of Baldwin County, Alabama for a determination of the arrearage in child support and for a revision of child visitation rights.
The juvenile court on July 3, 1990 entered its judgment finding the father to owe $15,900 in past-due child support. It ordered that the order of the Texas court for child support be continued and that he pay $300 per month toward the arrearage. Some modification of visitation was entered.
In 1991 Bebee filed a petition in the Circuit Court of Baldwin County seeking a rule nisi, a modification of visitation rights of the father, and an increase in child support based on the guidelines of Rule 32, Alabama Rules of Judicial Administration.
Oral proceedings were held and judgment was entered on November 18, 1991. The petition was denied in all aspects. Postjudgment motion was denied. Thus, this appeal.
Issue one presented is that the denial of the mother's request to reduce and restrict the father's visitation rights was contrary to the weight of the evidence and was thus an abuse of discretion.
As to that issue we repeat, as we have in hundreds of prior cases, that the determination of visitation of children with a divorced parent is a matter for the exercise of the judicial discretion of the trial judge. This court will not alter or review the result of that exercise unless it is so contrary to the evidence presented as to amount to a plain abuse of that discretion and is thereby contrary to the best interests of the children. Jackson v. Jackson, 520 So.2d 530
(Ala.Civ.App. 1988); Santmier v. Santmier,494 So.2d 95 (Ala.Civ.App. 1986); Hutchinson v. Davis,435 So.2d 1303 (Ala.Civ.App. 1983).
The record discloses that this review is the third consideration by the courts of *Page 1272 
Alabama of the question of visitation rights given to the father by the Texas divorce decree. In spite of the efforts of the mother to diminish or terminate that right, we adhere to the legal presumption inherent in all ore tenus cases, i.e., that the trial judge exercised his discretion correctly. After considering the record, this court finds no error in the judgment refusing to change visitation rights of the father.
Issue two: Whether the trial court erred by not following the mandates of Rule 32, A.R.J.A., in setting child support.
The trial court in its original judgment and in its judgment on the postjudgment motion stated that it refused to assess child support according to the guidelines of Rule 32 because to do so would be "unjust or inappropriate." These are terms stated in the rule for a refusal to apply its guidelines. However, this court has held in several cases recently that such conclusory terms are insufficient unless supported by a finding of fact from the evidence. State ex rel. Walley v.Walley, 601 So.2d 1041 (Ala.Civ.App. 1992); Fowler v.Jennings, 588 So.2d 497 (Ala.Civ.App. 1991). We have in some of these cases merely remanded for entry of such statement of fact. However, in this case we decline to so remand because of our finding of error as to issue three.
Issue three: Whether the trial court erred in refusing to permit the children to testify as witnesses in open court.
With sympathetic understanding of the stated desire of the court that the children, ages 8 and 10 at the time of the hearing, not be drawn into an adversarial position between the parents by testifying in court, we must find the court to have materially erred in refusing to accept them as witnesses — particularly where they had not been shown disqualified nor determined incompetent by the court under § 12-21-165, Code 1975. The court has no authority to exclude the testimony of children of tender years if they are otherwise competent.Harris v. Harris, 461 So.2d 1332 (Ala. 1984). The statement by the judge in open court that he knew what the children would say if witnesses is not acceptable as a reason for refusing to hear them on direct and cross-examination. We comment, however, that the effort by client and counsel to commit these young children to such exposure does not deserve approval.
It is the opinion of the court that the judgment of the trial court must be set aside and reversed because of errors raised by issues two and three.
The father's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.