This is a divorce case.
Angela Renea Ellison (mother) and Michael Ray Ellison (father) were married in March 1981, and in May 1991, the mother filed for divorce, requesting, inter alia, custody of the parties' two children, an equitable property division, and costs. The father answered and filed a counterclaim. He sought custody of the children, alleging that the mother was unfit. The motion filed by the father's attorney, Leon Garmon, requesting that the trial judge recuse himself from the case, was denied after consideration.
Following numerous ore tenus proceedings, the parties were divorced in April 1992. Inter alia, the trial court ordered a specific property division, an attorney fee for the mother, and reserved the issues of custody and child support. The trial court denied all post-judgment motions. On July 10, 1992, after additional testimony was presented, custody of the minor children was awarded to the mother, subject to the father's visitation, and the parties were directed to furnish income affidavits for the determination of child support. On August 19, 1992, prior to a determination of child support, the father appealed.
On appeal, the father raises several issues: (1) whether the motion for the trial judge to recuse himself was properly denied; (2) whether the parties' ten-year-old child should have been permitted to testify regarding his parental preference; (3) whether the evidence supports the trial court's award of custody to the mother; and (4) whether the trial court's awards regarding property and attorney fees to the mother were an abuse of discretion. *Page 857 
 I.
On August 6, 1991, Garmon, filed a motion requesting the trial judge recuse "even in the absence of direct evidence of bias or prejudice to either the party or Leon Garmon, because the total facts are such that a reasonable person could reasonably question his impartiality." The motion and attachments, comprising more than one hundred pages of the record on appeal, was denied on August 21, 1991. In December 1991, Garmon filed an amendment to the recusal motion, which comprised more than thirty pages of the record. That motion was denied in April 1992.
At the outset, we note that the proper method to review whether recusal is required is by mandamus. Ex parte Melof,553 So.2d 554 (Ala. 1989). A judge is presumed to be qualified and unbiased, and the burden is on the moving party to prove otherwise. D.H. and T.G. v. State Department of HumanResources, 600 So.2d 273 (Ala.Civ.App. 1992). Furthermore, Canon 3, Alabama Canons of Judicial Ethics, relating to disqualification, provides:
"C. Disqualification.
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."
To be disqualifying prejudice or bias as to a party, it must be such that it is personal in nature and it must derive from an extrajudicial source. Rikard v. Rikard, 590 So.2d 300
(Ala.Civ.App. 1991). Our Supreme Court stated a general rule on disqualification for prejudice by quoting from 48 C.J.S. Judges § 82(b), as follows:
 "It is actual existence of prejudice on the part of a judge, not the mere apprehension of it by a party which disqualifies. Further, the disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity. . . ."
Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984). Furthermore, "a mere accusation of bias unsupported by substantial fact does not require disqualification of a judge." Ross at 254.
In the instant case, the motion to recuse fails. A petition for a writ of mandamus was not filed to review the motion. Moreover, the motion itself does not disclose the existence of any alleged prejudice or bias favoring the mother or against the father. At best, the motion merely attempts to detail a history of alleged conflict between the trial judge and Garmon. Garmon asserts that the trial judge should have recused himself "even in the absence of direct evidence" of bias or prejudice. Garmon also recognizes in the appellant's brief that "[t]here is no evidence that [the trial judge] knew or was prejudiced against [the father] personally." Clearly Garmon did not present sufficient evidence to overcome the presumption of the trial judge's integrity.
It is apparent to this court that Garmon's attempt to compel the trial judge to recuse was not an effort to protect the interests of his client, but merely an attack on the judiciary in pursuit of Garmon's own self-interests. Therefore, we find no error in the denial of this motion.
 II.
The record reveals numerous occasions wherein the father requested permission for the parties' ten-year-old child to testify regarding his preference for custodial parent. During a pendente lite hearing to determine temporary custody, the child was questioned in chambers by the trial judge, with both attorneys present. The child revealed to the trial court that he loved both of his parents and that he would like to live with either of them. The final custody order was entered in July 1992. *Page 858 
Testimony presented during subsequent proceedings divulged that the child was classified as educable mentally retarded (EMR). Dr. Jack L. Bentley, Jr., a licensed professional counselor, testified that the EMR classification was a statement of the child's "academic intellectual capabilities as far as it relates to school work," and that the child had demonstrated a considerable amount of maturity for a ten-year-old child.
During one hearing, the trial court responded to the father's request for the child to testify by stating:
 "I know of no case where a minor child of ten years old, who I have been told suffers from a relatively low I.Q., is a special child, I would be very cautious about taking — relying on that word or on his desires right now for something which would affect him for the rest of his life."
While the trial judge's statement could be inferred to constitute a determination that the child was not competent to testify, it is the only instance in which such concerns were expressed. In all other instances where the child's testimony was requested and denied, the trial judge based the denial on the child's age, and not the child's ability to appreciate the oath. The trial court repeatedly prohibited the child's testimony over the mother's repeated objections.
Our Supreme Court has stated that "a trial court may not prohibit a witness from testifying in a divorce case solely because the proposed witness is a child of the parties even though calling children to testify against one of their parents in a divorce case is distasteful and should be discouraged." Ex parte Harris, 461 So.2d 1332, 1333 (Ala. 1984). (Citation omitted.) As long as a child is otherwise competent to testify, there is no statutory prohibition against the testimony. Harris, supra. "Testimony of competent children in a divorce action must be admitted, if relevant, otherwise admissible, and not merely cumulative." Harris at 1334. See also Bebee v. Hargrove, 607 So.2d 1270 (Ala.Civ.App. 1992).
We cannot determine from the record whether the child's proffered testimony would have been cumulative because we cannot discern what his testimony would have been when subject to additional examination. Any doubt as to the cumulative nature of the testimony should be resolved in favor of the party calling the witness. Harris, supra.
We are compelled to conclude that the trial court's refusal to allow the child to testify regarding his custody constitutes reversible error. The trial court failed to conclusively determine the child's incompetency to testify, and it appears from the record that the child would have appreciated the nature of the oath. While we understand the trial court's effort to protect the child from further involvement in his parents' adversarial litigation, we cannot say that the exclusion of the child as a witness was harmless error. We agree with Judge Wright's comments that the efforts by counsel and the client to subject the child to repeated exposure in the courtroom does not deserve approval. SeeBebee, supra.
 III.
The father's challenge to the issue of child custody borders on dismissal pursuant to Rule 28, A.R.App.P., for failure to cite supporting authority. Rule 28(a)(5), states that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Although we may affirm the trial court when an appellant fails to support his argument, McLemore v. Fleming, 604 So.2d 353 (Ala. 1992), such action is unnecessary. Based upon our previous determination regarding the exclusion of the child's testimony and the intricate relationship between that issue and the custody issue, we likewise are compelled to reverse the custody issue for further determination by the trial court.
 IV.
The father asserts that the trial court erred in awarding $3,000 to the mother pursuant to a property division, and that it also erred by awarding the mother a judgment of $4,250 against the father for her attorney fee. The judgment containing the awards was filed on April 14, 1992, and all post-judgment motions relating to the judgment, including these issues, were disposed of on May 15, *Page 859 
1992. The father's notice of appeal war not filed until August 19, 1992.
The judgment of April 14, 1992, was a final determination of the parties' interest in the marital property and not modifiable. It was a final judgment pursuant to Rule 54(a), A.R.Civ.P. "The test of the finality of a decree sufficient to support an appeal is that it ascertains and discloses the rights of the parties and settles the equities and is not controlled by the fact that the cause remains in fieri in respect to other matters." Moore v. Casey, 439 So.2d 164, 166
(Ala.Civ.App. 1983). "In equity cases there can be more than one final judgment from which an appeal may be taken." Norrisv. Norris, 406 So.2d 946, 948 (Ala.Civ.App. 1981).
Rule 4(a)(1), (3), A.R.App.P., provides that an appeal must be taken within 42 days of the final order, or, the disposition of specific post-judgment motions. The father failed to timely appeal those issues, and therefore, they will not be addressed.
Based upon the foregoing, we affirm in part, reverse in part, and remand with instructions. The mother's request for an attorney fee is denied.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.