L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced on January 20, 1994. The trial court awarded custody of the parties’ children to the wife; ordered the husband to pay child support and alimony; divided the marital property; and entered a restraining order against both parties, restraining them from “harassing, threatening, intimidating, or assaulting the other.”
The wife filed a post-judgment motion on January 25, 1994, requesting relief not germane to this appeal. On February 4, 1994, the husband filed a motion for a new trial and/or to alter or amend the final judgment of divorce.
A hearing was held on February 7, 1994. At the hearing, evidence was adduced that the husband had made a threatening call to the wife and that he had not paid alimony for the month of February.
On February 9, 1994, the trial court entered an order holding the husband in contempt of court for violating the restraining order and for failing to pay alimony. The trial court sentenced the husband to 30 days’ imprisonment. It suspended the sentence for two years and placed the husband on probation for two years. The remaining provisions of the trial court’s order are not pertinent to this appeal.
On February 22, 1994, the husband filed a motion to alter, amend, or vacate the final judgment of divorce; a motion to recuse; and a motion to vacate the February 9, 1994, post-judgment order. The husband’s motions were denied by operation of law.
*1044 The husband appeals and initially asserts that the trial judge erred in refusing to re-cuse himself from the proceedings.
The husband’s motion to recuse is based on his allegations that the wife and her attorney had ex parte communications with the trial court. He suggests that this alleged communication evidences the trial court’s impartiality and bias. He presented his own affidavit to support his allegation. The trial court responded with an affidavit denying the husband’s allegations.
The presumption in Alabama is that a judge is qualified and unbiased. Rikard v. Rikard, 590 So.2d 300 (Ala.Civ.App.1991). The burden is on the moving party to present evidence establishing the existence of bias or prejudice. Rikard. Disqualifying prejudice or impartiality must be of a personal nature and must stem from an extrajudicial source. Rikard.
The husband has failed to show any personal prejudice or bias to support his motion for recusal. His request for recusal consisted of mere allegations unsupported by any substantial evidence. The trial judge’s refusal to recuse himself was not improper.
The husband next asserts that the trial court erred in finding him in contempt. He insists that he was not properly noticed and that the trial court’s 30-day sentence was excessive.
Our review of the record discloses that the husband was not properly noticed that the February 7, 1994, hearing would be a hearing to show cause why he should not be held in contempt of court for threatening communications and for failure to pay alimony. Such notice is required by Rule 33.3, Ala.R.Crim.P. (Rule 33.3 is applicable because these proceedings were initiated prior to July 1, 1994, the effective date of Interim Rule 70(A), Ala.R.Civ.P., which also requires notice. Interim Rule 70(A)(c)(2).)
We further find that the trial court’s 30-day sentence was excessive and in contravention of § 12-11-30, Code 1975. Kalupa v. Kalupa, 527 So.2d 1313 (Ala.Civ.App.1988).
The judgment of the trial court as it relates to finding the husband in contempt is reversed. The remainder of the trial court’s order is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.