296 P.3d 100

Maria **MARQUEZ**, individually and as Personal Representative of the Estate of Alberto A. Marquez, deceased, and on behalf of Perla Marquez, Richard Marquez, and Isabel Marquez, surviving minor children, Plaintiffs/Appellants,

v.

Rosario **ORTEGA** and Jane Doe Ortega, husband and wife; **Hayden Farms, Inc.,** an Arizona Corporation, Defendants/Appellees.

No. 1 CA–CV 12–0028.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 28, 2013.

Review Denied May 29, 2013.*

* Justice Ann A. Scott Timmer voted to grant review.

Zachar Law Firm, P.C. By Christoper J. Zachar, Phoenix, Attorney for Plaintiffs/Appellants.

Beaugureau, Hancock, Stoll & Schwartz, P.C. By David Stoll, and Terrance L. Sims, and W. Reed Campbell, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

HALL, Judge.

¶ 1 Maria Marquez appeals from the judgment entered against her individually and as personal representative of the Estate of Alberto A. Marquez, (Marquez) on a jury verdict in favor of Rosario Ortega and Jane Doe Ortega, and Hayden Farms, Inc. (collectively, defendants). Marquez contends the trial court should not have denied her request to extend the expert disclosure and discovery deadlines. We conclude that the trial court did not abuse its discretion. We further conclude that the trial court was not required to hold a "culprit hearing" before imposing sanctions. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 This is a wrongful-death action arising out of a motor-vehicle collision. Marquez filed a complaint against defendants in November 2008, alleging that on December 13, 2007, Rosario Ortega was driving a John Deere cotton picker eastbound on Southern Avenue in Buckeye, when a "portion of the farm equipment extend[ed] over into the westbound lanes [and] collided with [Alberto Marquez's] vehicle, causing his automobile to careen off to the right and under a steel cable, thereby causing his death." Marquez originally retained Larry Zier as counsel; Freeman M. Butland, a licensed California attorney, subsequently associated with Zier as Pro Hac Vice counsel.

¶ 3 In April 2009, court administration generated a 150–day order informing the parties that Arizona Rule of Civil Procedure (Rule) 38.1 "will be strictly enforced" and directing the parties to file a motion to set and certificate of readiness as well as specific objections to witnesses and exhibits, stating that otherwise the case would be placed on the inactive calendar and subsequently dismissed.

¶ 4 On December 1, 2009, Marquez filed a motion to set and certificate of readiness, and requested that the matter be set for trial.[1] Defendants filed a controverting certificate in which they argued that additional disclosure and extensive discovery still had to be completed. The court directed the parties to prepare a stipulated discovery schedule and proposed order. Pursuant to a January 2010 joint pretrial memorandum and proposed scheduling order, the court ordered that the identities and subject areas of non-expert and expert witnesses be disclosed by March 31, 2010, Marquez's final expert disclosure be served by April 30, 2010, written discovery and depositions be completed by August 31, 2010, and all discovery motions be filed by October 15, 2010.

¶ 5 Shortly before the March 31, 2010 disclosure deadline, at Marquez's request, the parties filed a stipulated motion to extend all discovery deadlines by 120 days. The court granted the motion in a written order, finding that good cause had been shown for extending the discovery deadlines. As extended, the deadlines required, first, the parties to identify experts and their subject areas by July 29, 2010; second, Marquez to disclose final expert opinions by August 27, 2010; third, the parties to complete written discovery and depositions by December 29, 2010; and fourth, the parties to file discovery motions by February 11, 2011.

¶ 6 On December 24, 2010, Butland, Marquez's California counsel, moved to extend the discovery cut-off date, acknowledging that the deadlines for Marquez to identify her experts and subject areas, and the disclosure of her final expert opinions, had already passed. Butland explained that Sean Berberian had replaced Zier as local counsel in April 2010, and claimed that Berberian had not informed him of the new deadlines and had neglected to attempt to extend those deadlines.[2] However, Butland acknowledged in his accompanying declaration that he had been faxed the order setting the deadlines by local counsel "at some point" and requested that the court grant him a reasonable amount of time to obtain new local counsel. Finally, Butland asserted defendants would not be prejudiced by an extension because no trial date had been set.

¶ 7 Defendants opposed Marquez's motion to extend discovery, arguing that Marquez failed to demonstrate "good cause" under Rule 37(c)(1). Defendants elaborated that the only witness deposed by Marquez was Rosario Ortega, on October 26, 2009, and that the last supplemental disclosure by Marquez was on July 31, 2009. Defendants further pointed out that Marquez had repeatedly failed to meet court deadlines and detailed Marquez's numerous failures to comply with disclosure and discovery obligations throughout the case.

¶ 8 Neither party requested oral argument. On January 28, 2011, the trial court found that Marquez had not established good cause to further extend the deadlines and denied Marquez's motion. The court also

---

1. The certificate of readiness did not comply with Rule 38.1(a)(3) and Rule 3.4, Maricopa County Superior Court Local Rules of Practice, because it merely recited all three alternative bases under Rule 38.1(a)(3) rather than specify the status of discovery as required by the local rule. *See* Ariz. Local R. Prac. Super. Ct. (Maricopa) 3.4 (requiring that a party desiring to have a civil case set for trial certify "in accordance with the provisions of Rule 38.1(a)(3)(i) ... that the parties have completed, or will have a reasonable opportunity to complete, the procedures under Rules 26 to 37 ... within 60 days after the filing of the Motion to Set and Certificate of Readiness.").

2. On December 30, 2010, Berberian filed a "Notice of Errata" stating Butland "was in possession of [the disclosure and discovery] deadlines prior to or at the same time as" Berberian learned of them. He acknowledged that he had refused to file a motion to extend discovery deadlines prepared by Butland, but in his December 30 filing he also requested that the deadlines be extended. Berberian also filed an application to withdraw as counsel based on "irreconcilable differences" with Butland, which the court granted.

rejected Marquez's argument that no prejudice had occurred because a trial date had not been set:

> Because most civil divisions of the Maricopa County Superior Court (including Judge Myers) have changed their approach regarding the setting of trial dates, the argument that "no trial date has been set" no longer has merit; the current practice is to set a trial date following the expiration of discovery deadlines.

¶ 9 Marquez claimed in a motion for reconsideration that the stipulation to extend the discovery deadlines was "invalid" because it was signed only by local counsel, and that "out-of-state counsel never got the deadlines calendared." Following a telephonic hearing, the court found that "a culprit hearing is not warranted" and denied the motion.

¶ 10 In February 2011, Christopher J. Zachar filed a notice of association of counsel for Marquez, indicating that he had been retained as local counsel in place of Berberian. Through Zachar, Marquez provided an amended cumulative initial Rule 26.1 disclosure statement as well as several Rule 26.1 supplements disclosing experts and their opinions. The court granted defendants' motion to strike Marquez's disclosure statements as untimely. Marquez moved for leave to depose defendants' experts, which the court denied. Marquez subsequently moved for the court to clarify its order pertaining to her expert witnesses. The court noted that "Defendants relied on the nondisclosure and the deadlines set by the Court" and "clarifie[d] that any matter or person not timely disclosed pursuant to the deadlines imposed in the Scheduling Order [were] precluded for the reasons previously articulated by the Court." Marquez, however, provided a comprehensive list of witnesses and exhibits for trial, which included forty-four potential witnesses and twenty-five potential exhibits. Defendants objected, and the court reaffirmed its order that the experts previously barred from testifying would not be permitted to testify and that other lay witnesses timely disclosed by Marquez could not testify in an expert capacity.

¶ 11 The case proceeded to trial in September 2011, and the jury found in favor of defendants. The court entered judgment against Marquez and awarded defendants their taxable costs in the amount of $24,407.20.

¶ 12 Marquez timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101(A)(1) (Supp. 2012).

## DISCUSSION

¶ 13 Marquez argues on appeal that the court abused its discretion: (1) when it denied her additional time to conduct disclosure and discovery because no trial date had been set and there had been no finding of prejudice to defendants, and (2) by excluding her late-disclosed witnesses without first conducting a "culprit hearing" to determine whether fault for the missed deadlines lay with Marquez or her attorneys.

¶ 14 A trial court has broad discretion in ruling on disclosure and discovery matters, and this court will not disturb that ruling absent an abuse of discretion. *Link v. Pima County,* 193 Ariz. 336, 338, ¶ 3, 972 P.2d 669, 671 (App.1998). In reviewing for an abuse of discretion, "[t]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985) (citation omitted). We do not substitute our discretion for that of the trial court. *Id.*

¶ 15 Marquez first argues that the trial court abused its discretion by denying her an additional opportunity to conduct disclosure and discovery, given that no trial date had been set. We disagree.

¶ 16 Rule 37(c) provides, in relevant part, that "[a] party who fails to timely disclose information required by Rule 26.1 shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion, the information or witness not disclosed, except by leave of court for good cause shown." *See also* Rule 16(f) ("If a party or attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or

the judge's own initiative, shall, except upon a showing of good cause, make such orders with regard to such conduct as are just, including, among others, any of the orders provided in Rule 37(b)(2)(B), (C), or (D).").[3]

¶ 17 In arguing that her failure to comply with the disclosure and discovery deadlines was harmless, Marquez relies primarily on *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 896 P.2d 254 (1995). Marquez's reliance on *Allstate* for the proposition that the trial court abused its discretion by precluding her use of undisclosed evidence when no trial date had been set is misplaced.

¶ 18 In *Allstate*, the plaintiffs failed to file a timely Rule 26.1 disclosure statement during a period of time after their original attorneys had withdrawn but before they had obtained new representation. *Id.* at 285–86, 896 P.2d at 255–56. After Allstate filed a motion for sanctions for non-disclosure, plaintiffs' new counsel filed a late disclosure statement. The trial court sanctioned the plaintiffs by precluding them from conducting any further discovery or using any witnesses or exhibits not listed in their late disclosure statement, but refused Allstate's request to bar the plaintiffs from presenting at trial any witnesses or exhibits listed in their disclosure statement. *Id.* at 286, 896 P.2d at 256.

¶ 19 Allstate sought special action relief in the court of appeals, which accepted jurisdiction and held that then-existing Rule 26.1(c)[4] compelled the exclusion of evidence unless a party seeking relief showed "good cause" for the failure to timely disclose it. *Id.* Accordingly, the court of appeals vacated the trial court's order and remanded with instructions to exclude the evidence listed in the late disclosure statement. *Id.* at 287, 896 P.2d at 257.

¶ 20 The supreme court disagreed with the court of appeals' conclusion that Rule 26.1(c) compelled the mandatory exclusion of evidence when no "good cause" had been shown. *Id.* (stating "we cannot subscribe to the view that [Rule 26.1(c)] was meant to deprive judges of all discretion to do what may be right and just in particular circumstances"). Instead, the court interpreted the "good cause" language in Rule 26.1(c) as "giv[ing] trial judges a modicum of discretion to ensure that cases are not ordinarily won or lost on the basis of *harmless* missed deadlines." *Allstate*, 182 Ariz. at 287–88, 896 P.2d at 257–58. In vacating the court of appeals' opinion and remanding to the trial court for further proceedings, the court rejected the idea that *any* delay in providing disclosure is prejudicial:

> Delay, standing alone, does not necessarily establish prejudice. Every late disclosure will involve some delay, but the relevant question must be whether it is harmful to the opposing party or to the justice system. A slight delay in a case such as this, where the trial date has not yet been set, clearly may be less prejudicial than that resulting from an attempt to disclose new witnesses just before trial. [Citation omitted.] Each situation must necessarily be evaluated on its own facts.

¶ 21 The supreme court deleted Rule 26.1(c) and replaced it with an amendment to Rule 37(c)(1), effective December 1, 1996. 185 Ariz. XLV (1996). The State Bar Committee Note to the 1996 amendment states that the amended rule "is intended to codify the holding" of *Allstate*

> to the effect that information or witnesses disclosed in an untimely manner shall be excluded from evidence unless there is good cause for granting relief from the exclusion. Under the amended rule, a showing that the untimely disclosure is

---

**3.** The provisions of Rule 37(b)(2) referenced in Rule 16(f) authorize a trial court to impose such sanctions "as are just" for failure to comply with an order compelling disclosure or discovery, including:

- refusing to allow the disobedient party to support or oppose designated claims or defenses;
- striking pleadings;
- dismissing the action;

- rendering a judgment by default against the disobedient party; and
- finding the disobedient party in contempt of court.

**4.** Rule 26.1(c), insofar as relevant, provided: "In addition to any other sanction the court may impose, the court shall exclude at trial any evidence offered by a party that was not timely disclosed as required by [Rule 26.1], except by leave of court for good cause shown...."

harmless would constitute grounds for granting relief from the sanction of exclusion.[5]

¶ 22 We do not interpret either *Allstate* or Rule 37(c)(1) as preventing a trial court from *ever* ordering preclusion of evidence as a sanction *unless* a trial date has already been set. A comparison of the circumstances in this case with those in *Allstate* illustrate why such a blanket prohibition would be unwise. In *Allstate*, the delay at the outset of the case was "slight" under circumstances that were not "harmful to the opposing party or the justice system." Here, the delay by Marquez's attorneys was both substantial and inexcusable under circumstances that demonstrated complete indifference to their responsibilities to the opposing party and the justice system. Another distinguishing factor is that Judge Myers (in what is apparently becoming a common method of case management in Maricopa County Superior Court) does not set trial dates until discovery is complete. If we were to dictate to trial judges that every failure to timely disclose information was "harmless" unless a trial date had been set, we would be encouraging excessive delay rather than the efficient administration of justice. *Cf. Allstate*, 182 Ariz. at 287, 896 P.2d at 257 ("We have encouraged trial courts to take firm, active roles in the application and enforcement of these procedural rules that were specifically designed to curb discovery abuse, excessive cost, and delay."). Accordingly, we cannot say that the trial court erred when it did not find that Marquez's repeated failures to comply with discovery deadlines were harmless.

¶ 23 Having rejected Marquez's argument that her failure to provide timely disclosure and discovery was harmless, the trial court was required to impose sanctions "except upon a showing of good cause" by Marquez. In determining whether good cause has been established, the trial court was required to consider the following non-exclusive factors: (1) the reason for the failure to properly disclose evidence; (2) the willfulness or inadvertence of a party's (or attorney's) conduct; (3) prejudice to either side that may result from excluding or allowing the evidence; (4) the opposing party's (or attorney's) action or inaction in attempting to resolve the dispute short of exclusion; and (5) the overall diligence with which a case has been prosecuted. *Allstate*, 182 Ariz. at 288, 896 P.2d at 258.

¶ 24 In considering the *Allstate* factors, we first note that Butland did not present any reasonable explanation for his failure to comply with the deadlines.[6] Indeed, on appeal, Marquez does not contend otherwise. Second, this case does not involve a circumstance in which a key piece of evidence or testimony was not disclosed due to mere inadvertence. Third, although the strength of Marquez's case may have been diminished by the preclusion of expert testimony that was not timely and properly disclosed, the sanctions imposed did not have the effect of, as in *Zimmerman v. Shakman*, 204 Ariz. 231, 236, ¶ 19, 62 P.3d 976, 981 (App.2003), "terminat[ing] the litigation." Instead, the case proceeded to trial, where testimony was presented from two witnesses to the accident and an investigating police officer who testified regarding his observations of the accident scene. The court denied defendants' Rule 50 motion for judgment as a matter of law after Marquez rested and submitted the matter to the jury, which returned a verdict in defendants' favor. Fourth, as explained by defendants in their response to the motion to extend deadlines, they repeatedly prodded Marquez's attorneys to comply with disclosure and discovery obligations with limited success. Fifth, until Zachar became involved

5. Although *Allstate* discussed harmlessness as a factor in assessing the existence of "good cause," Rule 37(c)(1) does not require preclusion when good cause is lacking if the failure to timely disclose was nonetheless "harmless."

6. In his request for a second extension of the disclosure and discovery deadlines, Butland both professed ignorance of the prior deadlines, which he asserted local counsel failed to timely apprise him of, and acknowledged that he received a fax of the original deadline extension "at some point." As counsel Pro Hac Vice, Butland also claimed unfamiliarity with Arizona rules and laws. The circumstance that disclosure and discovery rules in Arizona vary from those in California is no excuse for Butland's noncompliance with the court-ordered deadlines.

as co-counsel in 2011, we discern little effort by Marquez's attorneys to diligently prosecute her case. Good cause for untimely disclosure is not established when "it is solely the result of a failure to engage in timely trial preparation." *Jones v. Buchanan*, 177 Ariz. 410, 413, 868 P.2d 993, 996 (App.1993). Under the circumstances presented here, we cannot say that the trial court abused its discretion in finding that Marquez failed to establish good cause justifying an extension of the disclosure and discovery deadlines.

¶ 25 The remaining question is whether the trial court erred by sanctioning Marquez when it was her attorneys who were responsible for the missed deadlines.

¶ 26 A "culprit hearing," as it is commonly called, allows a trial court to determine whether a party, as opposed to that party's counsel, is responsible for a disclosure or discovery violation, and "is aimed at protecting a party from dispositive sanctions when the fault lies only with counsel." *Lund v. Donahoe*, 227 Ariz. 572, 581, ¶¶ 33–34, 261 P.3d 456, 465 (App.2011) (citation omitted). "[T]he imposition of sanctions should be preceded by some form of notice and opportunity to be heard on the propriety of imposing the sanctions." *Precision Components, Inc. v. Harrison, Harper, Christian & Dichter, P.C.*, 179 Ariz. 552, 555, 880 P.2d 1098, 1101 (App.1993); *see also Lund*, 227 Ariz. at 582, ¶ 37, 261 P.3d at 466 (citation omitted) (explaining that "the accused must be given an opportunity to respond, either orally or in writing, to justify his or her actions"). Whether a hearing is necessary depends on "(1) the circumstances in general; (2) the type and severity of the sanctions under consideration; and (3) the judge's participation in the proceedings, knowledge of the facts, and need for further inquiry." *Lund*, 227 Ariz. at 582, ¶ 37, 261 P.3d at 466 (citation omitted). "The sanction that is appropriate and the process that is due depends on the circumstances and the exercise of trial court discretion." *Montgomery Ward & Co. v. Superior Court*, 176 Ariz. 619, 622, 863 P.2d 911, 914 (App.1993); *see also Robinson v. Higuera*, 157 Ariz. 622, 624, 760 P.2d 622, 624 (App.1988) ("Due process does not require that a hearing be held in every case,"

even where "sanctions of dismissal or entry of default judgment" are entered.).

¶ 27 Butland did not request oral argument or an evidentiary hearing when he moved on behalf of Marquez to extend the disclosure and discovery deadlines. He did, however, attach a declaration explaining that the attorneys, and not Marquez, were at fault for the failure to timely follow the deadlines. After denying the motion, the court held a telephonic hearing on Marquez's motion for reconsideration, found that a culprit hearing was not warranted, and denied reconsideration. Although Marquez has not included in the record on appeal a transcript of the hearing, we infer from the record provided to us that the court was fully aware of Butland's assertion that the attorneys alone were responsible for Marquez's disclosure and discovery failures. Indeed, the record on appeal leaves little doubt that those failures were largely, if not entirely, caused by the attorneys, and not Marquez herself. Under these circumstances, we are confident that the court proceeded under the belief that Marquez was largely blameless for the noncompliance with disclosure and discovery obligations.

¶ 28 Moreover, as we have already discussed, the sanctions imposed by the trial court were not tantamount to dismissal. Therefore, regardless of whether Marquez was herself blameless, we cannot conclude that the lesser sanctions imposed by the court were so harsh as to require that the court hold a culprit hearing. *See Montgomery Ward*, 176 Ariz. at 622, 863 P.2d at 914 ("The heavier the sanction contemplated, the more deliberate the process that is due and the more thorough the findings that should be made.").

## CONCLUSION

¶ 29 For the foregoing reasons, we affirm.

CONCURRING: PETER B. SWANN and SAMUEL A. THUMMA, Judges.