NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

SHAYLA CORKERY, *Petitioner/Appellee,*

*v.*

AARON C. LOVE, *Respondent/Appellant.*

No. 1 CA-CV 15-0776 FC
FILED 7-21-2016

Appeal from the Superior Court in Yavapai County
No.  P1300DO201300669
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Law Offices of Robert L. Fruge PC, Prescott
By Robert L. Fruge
*Counsel for Petitioner/Appellee*

Jeffrey M. Zurbriggen PC, Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1 Appellant/respondent Aaron C. Love appeals from the superior court's order awarding appellee/petitioner Shayla Corkery care of their child and resolving the parties' dispute over legal decision-making and parenting time. For the following reasons, we affirm the order entered by the superior court.

## FACTS AND PROCEDURAL BACKGROUND

¶2 As relevant to this appeal, Corkery petitioned the superior court concerning care, legal decision-making, and parenting time regarding their child.

¶3 Following trial, the superior court granted Corkery care of their child, awarded the parties joint legal decision-making, and granted Love limited parenting time. For the first 120 days following entry of its order, the court's order required Love to submit to regular random drug testing and to satisfy other conditions before he could exercise any parenting time. After 120 days, the court's order increased Love's parenting time and terminated the supervision requirement contingent on his drug testing.

## DISCUSSION

I.    Judicial Notice

¶4 In its order, the superior court acknowledged it had taken judicial notice of evidence presented in a different proceeding involving Love and his former wife, A.P., that addressed legal decision-making and parenting time for their minor children (the "A.P. case"). The superior court entered judgment in the A.P. case approximately one month before trial in this case.

¶5 On appeal, Love argues the superior court should not have taken judicial notice "of all evidence from the [A.P.] case because it was an inappropriate use of judicial notice." Corkery argues, however, that Love

2

waived this argument for purposes of appeal because he failed to object at trial to the court taking judicial notice of the evidence in the A.P. case. We agree with Corkery.

**¶6**        Before trial, Love listed Corkery's testimony in the A.P. case in his pretrial list of witnesses and exhibits. At the start of trial, Corkery's attorney asked the court to take judicial notice of the evidence and findings of fact from the A.P. case. The court then expressly asked Love, who was representing himself, if he objected to the court taking judicial notice as Corkery's counsel had requested. In response, Love raised no objection, and instead told the court, "I don't believe so."

**¶7**        Failure to object to evidence, testimony, or argument in the superior court waives those matters on appeal. *State v. Thomas*, 130 Ariz. 432, 435, 636 P.2d 1214, 1217 (1981). Because Love raised no objection and instead advised the court that he had no objection to the court taking judicial notice, and even listed Corkery's testimony in the A.P. case in his pretrial list of witnesses and exhibits, he has waived this argument on appeal. Accordingly, we will not address it.[1]

II.    Doctors' Reports

**¶8**        Love next argues the superior court should have admitted into evidence three reports relating to his mental health, which, he asserts, would have "refuted the assumptions contained in the judicial notice" taken by the court. We reject this argument.

**¶9**        At trial, Love offered into evidence "reports" prepared by three psychiatrists who evaluated his fitness to practice medicine. Corkery's attorney objected to the admission of the reports, asserting Love had failed to timely disclose them. The superior court admitted the reports for the limited purpose of determining "what impediments there are to [Love's] ability to work."

---

[1]Love also appears to argue that in taking judicial notice of the evidence in the A.P. case, the superior court failed to consider the child's best interests in resolving the parties' dispute over legal decision-making. We reject this argument. In its ruling, the superior court explained that it addressed "each matter separately" and considered "the best interest of the children involved, discretely, as they are uniquely situated." The court's findings reflect that it considered the best interests of the child.

¶10        Under the Arizona Rule of Family Law Procedure 49, parties must disclose expert witnesses at least 60 days before trial. Ariz. R. Fam. Law P. 49(H). Rule 65(C) prevents a party from using evidence at trial that was not timely disclosed:

> A party who fails to timely disclose information required by Rule 49 or 50 shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or in support of a motion, the information or the testimony of a witness not disclosed, except by leave of court for good cause shown.

¶11        The superior court did not abuse its discretion in admitting the doctors' reports for the limited purpose of assessing Love's ability to practice medicine. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14, 296 P.3d 100, 104 (App. 2013) (appellate court reviews superior court's rulings on disclosure and discovery for abuse of discretion). Love did not disclose the doctors as expert witnesses or list their reports in his pretrial list of witnesses and exhibits. Rather, Love waited until the week before trial to disclose the reports to Corkery.[2] Admission of the untimely disclosed reports could have prejudiced Corkery, who had no opportunity to depose the doctors or develop her own evidence in response to the reports.

¶12        Citing *Hays v. Gama*, 205 Ariz. 99, 67 P.3d 695 (2003), Love nevertheless argues the superior court should have considered the doctors' reports in determining the best interests of the child. *Hays* is distinguishable. In *Hays*, the superior court precluded evidence from a child's therapeutic counselor in a contested child custody proceeding. 205 Ariz. at 101, ¶¶ 9-10, 67 P.3d at 697. The court precluded the evidence as contempt sanctions because the child's mother had violated certain orders of the court. *Id.* The Arizona Supreme Court vacated the sanctions, explaining, first, the superior court had not imposed the sanctions as a punishment for a discovery violation, *id.* at 101, ¶ 14, 67 P.3d at 697, and second, excluding the evidence would "effectively preclude potentially significant information from being considered in the custody determination." *Id.* at 103-04, ¶ 22, 67 P.3d at 699-700. In contrast to *Hays,* here the superior court's decision to exclude the untimely disclosed reports was authorized by Rule 65(C), and the reports concerned Love's ability to

---

[2]The reports were dated April 14, 2015, June 11, 2015, and July 2, 2015. Trial was held on September 1, 2015.

practice medicine and did not have an "especially significant effect" on the court's ability to determine the child's best interests. *Id.*

¶13      Accordingly, we affirm the superior court's decision to admit the doctors' reports for the limited purpose of assessing Love's ability to practice medicine.

III.    Parenting Time

¶14      Love also argues the superior court should not have restricted his parenting time, asserting that a court may not restrict parenting time under Arizona law unless it finds the parenting time would seriously endanger the child's physical, mental, moral or emotional health.

¶15      On this record, the superior court did not abuse its discretion in restricting Love's parenting time. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11, 304 P.3d 1093, 1096 (App. 2013) (appellate court reviews superior court parenting time decisions for abuse of discretion).  Based on the evidence before it, the court found that Love's "history of substance use [has] serious implications in his personal, legal and professional life" and "a substantial change in circumstances will be necessary" to "persuade the Court that Love does not pose a risk to this child."  The superior court concluded that Love "must first demonstrate stability and sobriety before the Court can be persuaded that parenting time will not endanger the physical, mental or emotional health of the Child."[3]  We defer to the superior court's findings because it is in "the best position to judge the credibility of witnesses and resolve conflicting evidence." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18, 357 P.3d 834, 839 (App. 2015).

**CONCLUSION**

¶16      For the foregoing reasons, we affirm the superior court's order.  In the exercise of our discretion, we grant Corkery's request for attorneys' fees on appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324 contingent upon her compliance with Arizona Rule of Civil

---

[3]The court restricted Love's parenting time to supervised visits twice per month, contingent on drug testing, for the first 60 days.  For the next 60 days, the court ordered supervised visits four times per month, again contingent on Love's drug testing and compliance with other requirements.  Thereafter, if Love continued to satisfy the drug testing and other requirements, he would become entitled to increased and unsupervised parenting time with the child.

Appellate Procedure 21. And, as the successful party on appeal, we also award Corkery costs on appeal, also contingent upon her compliance with Rule 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA