NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

REBECCA W., *Appellant*,

*v.*

DEREK B., R.B., *Appellees*.

No. 1 CA-JV 20-0195
FILED 12-1-2020

Appeal from the Superior Court in Mohave County
No. S8015SV202000001
The Honorable Megan A. McCoy, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Michael and Casey, Phoenix
By Sarah J. Michael, Robert Ian Casey
*Counsel for Appellant*

Derek B., Kingman
*Appellee*

_____

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

_____

**W I N T H R O P**, Judge:

**¶1**　　　　Rebecca W. ("Mother") appeals from the superior court's decision terminating her parental rights.　For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　Mother and Derek B. ("Father") are the biological parents of R.B., born in March 2016.　Throughout R.B.'s life, Mother has struggled with drug abuse and has been in and out of prison.　The child briefly lived with both parents; however, after Father witnessed Mother using drugs while home with the child, Mother moved out, and Father became the primary care provider when the child was approximately one year old.　In 2019, Father petitioned for sole custody of R.B., which the court granted to Father when Mother did not respond to the petition.

**¶3**　　　　In early 2020, Father petitioned to terminate Mother's parental rights, citing numerous grounds under Arizona Revised Statutes ("A.R.S.") section 8-533(B).　The court ordered a social study to evaluate the parents and R.B. pursuant to A.R.S. § 8-536.　The social study documented Father's and Mother's respective drug problems, Father's successful treatment, and R.B.'s progress.　The study also noted Father's fiancée had bonded with R.B. and wished to adopt the child.

**¶4**　　　　Father represented himself throughout the proceedings and did not file a list of witnesses or exhibits before the termination hearing.　A copy of the completed social study was filed with the court approximately one week before the hearing date.　Mother, through counsel, objected to the court taking judicial notice of the social study "unless [the author] testifies to it."　The court found the social study admissible under Arizona Rule of Procedure for the Juvenile Court ("Rule") 66(E).　The court also allowed Father to testify, noting "the Court cannot imagine a scenario in which the Respondent was unaware that that would be happening."

**¶5**         Mother, Father, and the author of the social study testified at the termination hearing.  After hearing the testimony and reviewing the social study, the court found clear and convincing evidence that Mother had abandoned and neglected R.B. and that she was unable to fulfill her parental obligations because of ongoing drug use.  *See* A.R.S. § 8-533(B)(1), (2), (3).  The court also found termination to be in R.B.'s best interests.  The court granted Father's petition to terminate Mother's parental rights.

**¶6**         Mother timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 8-235(A) and 12-2101(A)(1).

## ANALYSIS

**¶7**         On appeal, Mother does not challenge either the court's statutory findings supporting termination or the court's findings concerning R.B.'s best interests; instead, she argues the superior court erred in admitting the social study and permitting testimony from Father and the study's author despite Father's failure to file a disclosure statement.  We discuss Mother's arguments below, but note the superior court has broad discretion in ruling on issues of disclosure and discovery, and we will not reverse a ruling unless the court has abused its discretion and caused unfair prejudice to a party.  *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013); *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6 (App. 2000).

**¶8**         As to the social study, Mother argues the superior court ignored Rule 44(B) in admitting the study over her objection.  Rule 66(E), however, provides a court-ordered social study "is admissible as evidence unless a party has filed a notice of objection" pursuant to Rule 44.  *See* A.R.S. § 8-537(B); *cf. Ariz. Dep't of Econ. Sec. v. Superior Court (Armstrong)*, 181 Ariz. 469, 471 (App. 1994) ("[I]n severance actions, when any party timely, specifically, and properly objects to portions of a social study report, such portions of that report are not admissible into evidence.").  Mother admits she did not file such an objection, even after the author filed the social study report with the court.  Further, the record shows that her objection to the study at the hearing was qualified: She objected to its admission "unless" the study's author testified.  In fact, the study's author did testify and was cross-examined by Mother's counsel.  On this record, the court did not abuse its discretion in admitting the social study, and Mother was not unfairly prejudiced by its admission.

**¶9**         Mother contends the superior court erred in admitting testimony from the study's author.  We disagree.  "A court generally must hear any competent and potentially significant evidence that bears on the

best interests of the child," despite any failure to disclose pursuant to Rule 44. *James A. v. Dep't of Child Safety*, 244 Ariz. 319, 321-22, ¶ 8 (App. 2018). Here, the parties each had a copy of the study in advance of the hearing. As previously noted, Mother's counsel's only objection to admission of the study was that the author be subject to cross-examination. The court accordingly arranged for the author to appear, and Mother's counsel had a full opportunity to question the author concerning her investigation and opinions. On this record, the court did not abuse its discretion or otherwise err in permitting the study's author to testify, and Mother has not demonstrated any unfair prejudice.

¶10        Mother also argues the court erred in permitting Father to testify as an undisclosed witness. Her argument that his testimony created a "trial by surprise" is unavailing, as Mother included Father in her disclosed list of witnesses and noted he would testify "as to the allegations of the petition." At the hearing, Father in fact testified as to the allegations in his petition, and Mother, through her attorney, cross-examined him. Mother has not demonstrated any abuse of discretion or legal error, nor has she identified any unfair prejudice.

¶11        Finally, Mother argues the alleged evidentiary errors violated her right to due process. As we have discussed, we find the superior court did not abuse its discretion nor commit the evidentiary errors that Mother alleges. More importantly, Mother has not demonstrated that the proceedings were fundamentally unfair so as to deprive her of due process. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005); *see also Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 448, ¶ 39 (2018) (explaining due process violation does not warrant reversal without a showing of prejudice).

**CONCLUSION**

¶12        For the foregoing reasons, we affirm the superior court's decision terminating Mother's parental rights.

