IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ESTATE OF RICHARD F. BRADY SR., et al., *Plaintiffs/Appellees*,

*v.*

TEMPE LIFE CARE VILLAGE, INC., *Defendant/Appellee*

KENNETH BRADY, et al., *Appellants/Cross-Appellees*,

*v.*

GRACE MCKEE, et al., *Appellees*

HOSPICE OF THE VALLEY, *Defendant/Appellee/Cross-Appellant*

No. 1 CA-CV 21-0339
FILED 10-04-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-003161
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Kevin Beckwith, P.C., Phoenix
By Kevin L. Beckwith
*Co-Counsel for Appellants/Cross-Appellees*

Ahwatukee Legal Office, Phoenix
By David L. Abney
*Co-Counsel for Appellants/Cross-Appellees*

Solomon & Relihan, P.C., Phoenix
By Martin J. Solomon, Kevin J. McAlonan, Danielle R. Solomon
*Co-Counsel for Plaintiffs/Appellees*

The Breslo Law Firm, Scottsdale
By John C. Breslo
*Co-Counsel for Plaintiffs/Appellees*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Kevin C. Nicholas, Bruce C. Smith
*Counsel for Defendant/Appellee*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Jay A. Fradkin, Alexander J. Egbert
*Counsel for Defendant/Appellee/Cross-Appellant*

---

**OPINION**

Judge Samuel A. Thumma delivered the opinion of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        Nancy, Richard Jr. and Kenneth Brady appeal from the grant of summary judgment on their claims in this wrongful death action. Because they have shown no error, summary judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In March 2017, Richard Brady Sr. fell and was hurt at Tempe Life Care Village aka Friendship Village Tempe (FVT), a skilled nursing facility. He was 82 years old and died a few days later. Richard Sr. was survived by eight children:  Barbara, Patrick, Nancy, Richard Jr., Kenneth, Grace, Deborah and Patricia. When he died, Richard Sr. apparently only had a relationship with Barbara and Patrick.

¶3        For most of his life, Richard Sr. lived in New Jersey. A New Jersey court designated Barbara, who lives there, executor of his estate. As executor, in March 2018, Barbara sued FVT, later adding Hospice of the Valley (HOV). The complaint alleged injuries to Richard Sr. as well as a statutory wrongful death claim by his eight children. *See* Ariz. Rev. Stat. (A.R.S.) § 12-612(A) (wrongful death action may "be brought by and in the name of" a surviving child "of the deceased person for and on behalf of the surviving . . . children") (2022).[1]

¶4        Barbara and Patrick are represented by the same attorneys. In June 2018, their attorneys sent letters, certified mail return receipt requested, to Richard Sr.'s other children. Noting the filing of this case, the letters stated that "only one lawsuit may be filed for a wrongful death" but that each sibling could assert a claim for damages. The letters explained that Barbara's and Patrick's attorneys did not represent the other siblings, adding that if they wished "to participate in this action as a claimant, you must arrange for another attorney to represent you, advise you, appear in court on your behalf, and present evidence of your individual damage claim at trial and in any settlement negotiations." The letters asked for a written response, within 30 days, stating either that they "**DO** WISH TO PARTICIPATE" or "**DO NOT** WISH TO PARTICIPATE."

¶5        Patricia wrote that she did not wish to participate. Deborah apparently received her letter but did not respond and has never appeared in the case. Grace's letter was returned as undeliverable. The other siblings did not respond, although United States Postal Service Domestic Return Receipts (PS Form 3811) show that they received their letters.

¶6        In August 2018, Barbara provided a lengthy initial disclosure statement. *See* Ariz. R. Civ. P. 26.1. The disclosure included four pages detailing the anticipated trial testimony of Barbara and Patrick. Although listing the other siblings by name, no such disclosure was provided for them. Along with describing the letters sent to the siblings, and noting Patricia did not wish to participate, the disclosure stated Barbara's and Patrick's counsel "does not represent" the siblings "and does not know whether [the siblings intend] to present a claim for damages in this action." For the next two years, the siblings did not appear or participate in the case.

¶7        Disclosure and discovery proceeded until fact discovery closed in May 2020. The court also set a November 2020 firm jury trial date.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

In June 2020, FVT (joined by HOV) moved for summary judgment on the claims by the other siblings, asserting they "failed to provide evidence that they have sustained a loss," and never provided disclosure or discovery, and the time to do so had passed.

¶8            Both FVT and Barbara's and Patrick's attorneys mailed copies of the motion to the other siblings, stating that their claims would be barred if the motion was granted. A mid-July 2020 response to the motion filed by Barbara and Patrick noted that Grace, Nancy, Patricia, Kenneth and Richard Jr. (collectively GNPKR) "recently obtained counsel to represent them in this action." The response added, however, that the other siblings had not "participated in this action or otherwise asserted or supported their individual damage claims."

¶9            Counsel for GNPKR then filed a notice of appearance and, in early August 2020, filed a response to defendants' motion for summary judgment. Although disclosure and fact discovery had closed in May 2020, GNPKR argued that "defense counsel refuses to participate in discovery." GNPKR asserted that the motion for summary judgment "does not meet minimum professional standards, procedural requirements and lacks good faith." GNPKR blamed defendants for doing "nothing to investigate the losses during discovery," adding there was "no evidence" that GNPKR received the June 2018 letters from Barbara's and Patrick's attorneys. GNPKR variously claimed that "[a]ny alleged prejudice at trial is solely caused by [d]efendants," that "any prejudice [d]efendants argue exists has been cured and no longer exists" and that GNPKR had "attempt[ed] to cure any prejudice prior to trial." GNPKR asserted that "[a]mple time exists over the next four months" for disclosure, discovery and deposition before the November 2020 trial.

¶10           Also in early August 2020, GNPKR provided affidavits about their relationships with Richard Sr. and their claimed losses. Kenneth's affidavit admitted receiving the June 2018 letter, stating he "took one look at the letter, and reflexively threw it away." Affidavits from the others were less specific.

¶11           In October 2020, after full briefing and oral argument, the court granted summary judgment. The court first found GNPKR made no timely damage disclosure and were unable "to provide essentially any justification" for their failure. Disclosure and discovery deadlines had passed, and no request had been made to extend those deadlines or reopen disclosure or discovery. The court added GNPKR "really provide no

4

explanation as to why they did not ask Barbara to submit something on their behalf."

¶12 Rejecting claimed "ignorance of this suit," the court found GNPKR "knew about this lawsuit, almost from its inception" but "chose not to participate" and presented "no good cause for the late disclosure." As a result, the court found the August 2020 GNPKR disclosure was "untimely and none of the information contained therein is admissible." Ruling GNPKR "will not be allowed to recover any damages in this case and will not be allowed to submit any damage information at trial," the court granted summary judgment for defendants on GNPKR's claims. The remaining claims were left to be resolved at the November 2020 jury trial.

¶13 Later in October 2020, Barbara and Patrick settled their claims against FVT. In November 2020, an 11-day jury trial began on the remaining claims against HOV. After deliberation, the jury found for plaintiffs, setting damages at $155,000 for Richard Sr.'s estate; $830,000 for Barbara and $700,000 for Patrick. The jury allocated fault at 20% to HOV, 75% to FVT and 5% to Richard Sr. The resulting judgment awarded $31,000 to Richard Sr.'s estate; $166,000 to Barbara and $140,000 to Patrick.

¶14 Nancy, Richard Jr. and Kenneth (collectively NRK), but not Grace or Patricia, filed a timely notice of appeal. This court has appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶15 NRK argue the superior court (1) abused its discretion by refusing to allow their August 2020 disclosure and (2) erred by granting the motion for summary judgment. NRK also argue that Barbara breached her fiduciary duty by failing to properly represent their interests and improperly settled with FVT.

I. **NRK Have Not Shown the Superior Court Abused Its Discretion in Refusing to Allow Their August 2020 Disclosure.**

¶16 NRK argue the superior court should have allowed their August 2020 disclosure (including their affidavits) because there was no prejudice to the other parties. "Unless the court specifically finds that [a failure to make timely, proper disclosures] caused no prejudice or orders otherwise for good cause," a party is prohibited from using information in the disclosure as "evidence at trial, at a hearing, or with respect to a motion." Ariz. R. Civ. P. 37(c)(1). Factors relevant to whether untimely

disclosure should be allowed include: (1) the reason for the failure; (2) whether the failure was willful or inadvertent; (3) prejudice to the other parties; (4) possible resolution short of exclusion and (5) "the overall diligence with which a case has been prosecuted or defended." *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 288 (1995); *accord Marquez v. Ortega*, 231 Ariz. 437, 443 ¶ 23 (App. 2013).[2] Where a firm trial date has been set, "[f]actors supporting the exclusion of undisclosed evidence 'gain strength as the trial nears.'" *Zimmerman v. Shakman*, 204 Ariz. 231, 235 ¶ 14 (App. 2003) (citation omitted). A decision not to allow untimely disclosures is reviewed for an abuse of discretion. *Link v. Pima Cnty.*, 193 Ariz. 336, 338 ¶ 3 (App. 1998).

**¶17** Rule 37 requires a court to make a specific finding of "good cause" or "no prejudice" to excuse untimely disclosures. Ariz. R. Civ. P. 37(c)(1). The October 2020 minute entry found there was "no justification or good cause for the late disclosure," adding NRK's "last minute attempt to get involved in this lawsuit is disingenuous." NRK argue "there was no conceivable prejudice to the defendants." The court, however, did not expressly find that NRK's delay "caused no prejudice," as would be required to excuse untimely disclosure. Ariz. R. Civ. P. 37(c)(1). And the record reflects there would have been resulting prejudice, with the October 2020 minute entry noting that the case was filed in March 2018, and that a firm jury trial date was set for November 2020, the next month. *Compare Allstate Ins. Co.*, 182 Ariz. at 288 (noting "slight delay . . . where the trial date has not yet been set, clearly may be less prejudicial than that resulting from an attempt to disclose new witnesses just before trial"). NRK has not shown that the court abused its discretion under Rule 37(c)(1).

**¶18** The superior court also addressed the various factors identified by case law in determining whether the untimely disclosure should be allowed. In doing so, the court found: (1) NRK "offer[ed] no excuse for" the late disclosure; (2) the failure to make timely disclosure was

---

[2] In 2018, Rule 37 was "amended in several ways, to increase the power of the court to promote full compliance with discovery and disclosure rules." Comment 2018 Amendment to Ariz. R. Civ. P. 37. Those amendments cast doubt on the ongoing validity of opinions construing prior versions of Rule 37. *See* McAuliffe & McAuliffe, ARIZONA CIVIL RULES HANDBOOK 626 (2022) ("While Arizona case law on untimely disclosure that pre-dates the July 2018 amendments continues to be instructive, practitioners should be aware that prior decisions may apply a more lenient standard in determining whether untimely disclosed evidence should be admitted.") (citing cases). The parties, however, have not argued that the 2018 amendments displace or altered the applicability of the pre-2018 cases cited here.

willful, noting NRK "knew about this lawsuit, almost from its inception," but "chose not to" participate; (3) NRK waited until after the close of disclosure and discovery and after defendants moved for summary judgment before attempting any disclosure; (4) NRK did not seek to reopen or extend disclosure or discovery and (5) NRK failed to act diligently, taking "absolutely no action" to participate in the case until July 2020, adding "[t]he declarations also make clear that there was no tenable reason why disclosure could not have been done much earlier." These findings are supported by the record and each support the court's conclusion to not allow the untimely disclosure. *See also Allstate Ins. Co.*, 182 Ariz. at 288 ("Each situation must necessarily be evaluated on its own facts.").

**¶19**        NRK's August 2020 disclosure was months after fact disclosure and discovery closed and came shortly before the November 2020 jury trial. NRK also admitted they had not "been actively involved in this matter" until mid-July 2020. These facts distinguish the cases NRK rely on, where no trial date was set or where trial was continued. *See Zimmerman*, 204 Ariz. at 236 ¶¶ 14, 16 ("As noted in *Allstate*, when a trial has not been set, or is many months away, the opposing party is not necessarily prejudiced by some delay," adding "[f]actors supporting the exclusion of undisclosed evidence 'gain strength as the trial nears.'"). Nor do the other cases NRK cite show an abuse of discretion here. *See McDaniel v. Payson Healthcare Mgmt., Inc.*, 250 Ariz. 199, 208 ¶ 26 (App. 2020) (concluding "trial court abused its discretion in permitting the undisclosed opinions into evidence") (citations omitted), *vacated in part on other grounds*, 512 P.3d 998, 1006 ¶ 36 (Ariz. 2022); *Rivers v. Solley*, 217 Ariz. 528, 529 ¶ 1 (App. 2008) (affirming dismissal of "personal injury claim for failing to disclose the existence of a prior accident resulting in emergency room treatment").

**¶20**        The superior court analyzed the relevant factors in deciding to preclude NRK's August 2020 disclosure and the record supports the court's findings and conclusions. Thus, NRK have shown no abuse of discretion in the court refusing to consider their untimely disclosure. *See, e.g., Marquez*, 231 Ariz. at 444 ¶ 24; *Rivers*, 217 Ariz. at 529 ¶ 1.[3]

---

[3] There has been no request or suggestion that a "culprit hearing" -- to determine the responsibility of a party, a party's attorney or both for disclosure violations -- was needed here. *See Marquez*, 231 Ariz. at 444 ¶¶ 25-28.

## II. The Superior Court Properly Granted Defendants' Motion for Summary Judgment.

¶21 NRK argue that summary judgment was improper because Barbara, along with disclosing her own damages, also made "timely" and "adequate" disclosures about what NRK were "expected to testify concerning his or her relationship with their father and how his death had affected him or her." Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). This court reviews the entry of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion," *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), to determine "whether any genuine issues of material fact exist," *Brookover v. Roberts Enters. Inc.*, 215 Ariz. 52, 55 ¶ 8 (App. 2007).

¶22 NRK correctly state that Barbara, as statutory plaintiff, acted "'for and on behalf' of all statutory beneficiaries," and thus was the "representative of all the statutory beneficiaries." A.R.S. § 12-612(A); *Wilmot v. Wilmot*, 203 Ariz. 565, 569 ¶ 14 (2002). Barbara's obligations, however, were more limited than NRK suggest. Barbara had a duty to represent all statutory beneficiaries for liability, with NRK then having the duty to properly pursue their own individual damage claims. *Valder Law Office v. Keenan Law Firm*, 212 Ariz. 244, 250 ¶ 21 (App. 2006) ("Injuries, obviously, are unique to the particular beneficiary and not necessarily tied to the liability issues that the statutory plaintiff has the sole duty of prosecuting."). The "only aspect of the case that the statutory plaintiff necessarily establishes for represented statutory beneficiaries is liability, *not* their damages." *Id.* In fact, where damages are unique to each statutory beneficiary, their interests may diverge such that they cannot be represented by the same attorney. *Id.* ("'the respective interests of the persons entitled to be compensated for the loss of the decedent are different and in some circumstances, such as here, may be conflicting' and 'participation in the trial cannot be limited to one attorney'") (citing *Nunez v. Nunez*, 25 Ariz. App. 558, 563 (1976)).

¶23 As noted by the superior court, damages must be disclosed with some specificity long before trial. Disclosure requires "a description of the substance -- and not merely the subject matter -- of the testimony sufficient to fairly inform the other parties of each witness' expected testimony." Ariz. R. Civ. P. 26.1(a)(3). Disclosure of damages requires "a computation and measure of each category of damages alleged by the disclosing party, the documents and testimony on which such computation

and measure are based, and the name, address, and telephone number of each witness whom the disclosing party expects to call at trial to testify on damages." Ariz. R. Civ. P. 26.1(a)(7).

¶24 NRK made no timely disclosure. On appeal, NRK argue that Barbara made "timely and adequate disclosure concerning the wrongful-death damages that . . . [NRK] had suffered." Barbara's disclosure, however, simply stated that "[i]f [one of NRK] elects to pursue a claim for damages, she [or he] is expected to testify regarding her [or his] relationship with her [or his] father and how his death has affected her [or him]." NRK have not shown how such a generic disclosure for a contingent claim that they might, or might not, "elect[] to pursue" in the future constituted proper disclosure. *See* Ariz. R. Civ. P. 26.1(a). The superior court properly concluded that "[t]here is no dispute here that the damage information was not disclosed by [NRK] . . . in a timely manner."

¶25 FVT's statement of facts in support of summary judgment stated that "[t]here has been no disclosure regarding the 'substance' of the testimony that [NRK] . . . would provide regarding the loss of their father." Barbara's response conceded she "has not been able to disclose the 'substance' of the testimony that [NRK] . . . might provide regarding the loss of their father because none of them provided any such information to" Barbara or her attorneys. The court properly found NRK "provide no explanation as to why they did not ask Barbara to submit something on their behalf, if they felt it was incumbent on her to do so." Moreover, the obligation to disclose damages rested on each sibling and, as applicable here, NRK failed to discharge that obligation.

¶26 NRK appear to argue that, by its very nature, a claim for wrongful death damages excuses the need to provide Rule 26.1 damage disclosures. Rule 26.1, however, contains no such exception. Citing *Backus v. State*, 220 Ariz. 101 (2009) and *Vasquez v. State*, 220 Ariz. 304 (App. 2008), NRK note that wrongful death damages are subjective. Those cases, however, addressed whether pre-litigation notices of claim, required by statute for claims against the State of Arizona, adequately set forth facts supporting plaintiff's claims. *Backus*, 220 Ariz. at 103 ¶ 1; *Vasquez*, 220 Ariz. at 306 ¶ 1. Neither case addressed Rule 26.1 damage disclosure requirements for a wrongful death claim.

¶27 In claiming FVT's statement of facts about their failure to make timely disclosure lacked "foundation" and "[m]isstates facts," NRK relied on their August 2020 disclosure, which the superior court properly refused to allow. NRK's opposition also argued that defendants caused the

problem by failing to engage the siblings. The court properly rejected that argument, given that NRK (not defendants) had the burden of proof and had to support their individual damage claims with admissible evidence. *See Aranda v. Cardenas*, 215 Ariz. 210, 216 ¶ 20 (App. 2007) (noting "wrongful death statutes support imposing the burden of proof on the plaintiff"). On this record, no proper damages disclosure was made on behalf of NRK and, as a result, they could not meet their burden of proof for their claims.

¶28        NRK argue that they were not given proper notice of certain aspects of the case, asserting Barbara "did not serve the [June 2018] letters and the return receipts do not indicate who signed for the letters." NRK, however, stopped short of arguing that they lacked timely knowledge of the case. As the superior court noted, return receipts for the June 2018 letters were provided by NRK: "[a]s such, they clearly got the letter, which told them about the lawsuit. They presumably read the letter. If they chose not to read it, that was careless, at best. In any case, the letter clearly put them on notice of the suit." Kenneth's declaration admitted receiving and discarding the letter. Noting declarations by Nancy and Richard Jr. did not mention the case, the court added, "[i]f they truly did not know about the lawsuit, their declarations clearly would have said so. They clearly were aware and decided to take no part in the case."

¶29        NRK had the burden of proving their damages and also properly and timely disclosing their claimed damages. Because the superior court properly found they failed to do so, they could not prove their damage claims. As a result, the court properly granted defendants' motion for summary judgment against NRK.

III.    **NRK's Arguments About Barbara's Fiduciary Duties and Settlement of Her Claims Against FVT Did Not Preclude Summary Judgment.**

¶30        NRK argue that Barbara breached fiduciary duties to her siblings by failing to disclose their damages. NRK also argue that Barbara could not properly settle with FVT without their consent, citing *Wilmot v. Wilmot*, 203 Ariz. 565 (2002). These arguments do not account for the claims made here and misconstrue *Wilmot*.

¶31        Barbara, as the plaintiff pressing a statutory wrongful death claim where she has a stake in the outcome, serves "as both litigant beneficiary and trustee." *Wilmot*, 203 Ariz. at 569 ¶ 13 (citing A.R.S. § 12-612(C) and *In re Milliman's Estate*, 101 Ariz. 54, 63 (1966)). "Thus, fiduciary

duties are clearly owed [by Barbara] to the other beneficiaries . . . in conducting and settling." *Wilmot*, 203 Ariz. at 569 ¶ 13.

¶32        The superior court noted that Barbara "owed fiduciary duties to the other beneficiaries." The court, however, granted summary judgment because NRK failed to provide proper damages disclosure and, as a result, their claims failed. The court added that NRK "may have recourse against" Barbara if she "had an obligation to disclose information . . . and did not do so." The ruling, however, recognized that NRK had not pled a fiduciary duty claim against Barbara.

¶33        While NRK may have a breach of fiduciary duty claim against Barbara, that issue was not joined or raised in any pleading. *See* Ariz. R. Civ. P. 7 ("Pleadings Allowed"), 8(a) (describing what a pleading must contain). Thus, the superior court properly found it did not need to address a fiduciary duty claim. NRK have not shown how a claim that was never pled could preclude summary judgment. Moreover, because NRK have not yet pressed such a claim, this court need not address or resolve their arguments that Barbara breached her fiduciary duty.

¶34        Nor does *Wilmot* bar the settlement Barbara reached with FVT. The *Wilmot* plaintiff pressed a statutory wrongful death action "for and on behalf" of herself and statutory beneficiaries. 203 Ariz. at 567 ¶ 3, 568 ¶ 5. Plaintiff later settled the entire case, on behalf of all beneficiaries, without consent of the other beneficiaries. *Id.* at 568 ¶ 6. Plaintiff then successfully asked the court to confirm the settlement. *Id.* at 568 ¶ 7. The court then denied the other beneficiaries' motion to set aside the order approving the settlement "and dismissed the case with prejudice, thus foreclosing any claim the [other beneficiaries] may have wanted to assert." *Id.*

¶35        On appeal, the Arizona Supreme Court found that plaintiff "was a legal claimant, representing other known legal beneficiaries, and thus needed their consent to settle." *Id.* at 570 ¶ 16. *Wilmot* stated that "when, in a representative capacity, one asserts a claim or brings an action that affects claims of others -- and in the present case, could preclude them -- any settlement made by the one conducting the matter *for the benefit of others* must be agreed to by the others." *Id.* at 570 ¶ 18 (emphasis added; citing *In re Milliman's Estate*, 101 Ariz. 54 (1966)). In substance, *Wilmot* held that a plaintiff representing the interests of others cannot settle the claims of those others without their consent.

¶36 Here, Barbara did not settle NRK's claims. The settlement with FVT was limited to Barbara's and Patrick's claims, not those of the other siblings. The notice of settlement filed with the court states that it was limited to "the wrongful death claims of A.R.S. § 12-612(A) statutory beneficiaries Barbara" and Patrick. Nowhere did the notice of settlement suggest that Barbara had settled NRK's claims. Instead, the notice stated it "does not dispose of the entire case," although not specifically mentioning the claims of the other siblings. Unlike in *Wilmot* and *Milliman*, the settlement did not purport to settle "the matter for the benefit of others," meaning the consent of the other siblings was not required.

¶37 The resulting judgment also reaffirms the limited scope of the settlement, stating the claims of Barbara and Patrick against FVT "had been settled" and the settlement "has been consummated." The judgment then "dismiss[ed] with prejudice" the wrongful death claims of Barbara and Patrick against FVT. As to NRK, however, the entered judgment for defendants on NRK's claims based on the grant of summary judgment for defendants. For these reasons, NRK have not shown that *Wilmot* or *Milliman* would apply or would require setting aside the settlement with FVT.[4]

## CONCLUSION

¶38 The judgment is affirmed. Although NRK request taxable costs on appeal, A.R.S. § 12-341, because they are not the successful parties, that request is denied. Barbara, however, is awarded her taxable costs on appeal contingent on her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:                JT

---

[4] Given this conclusion, the court need not (and expressly does not) address HOV's cross-appeal, given HOV's declaration that the court only would need to do so if "it decide[s] that [NRK] . . . were improperly barred from seeking wrongful-death damages."